IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBIN P. B.,[1]
    Plaintiff,

v.                                                               Civil Action No. 3:21cv446

KILOLO KIJAKAZI,[2]
    Acting Commissioner of Social Security.

## **OPINION**

Robin P. B., the plaintiff, challenges the Social Security Administration ("SSA") Commissioner's final decision denying her claim for disabled widow's benefits and supplemental security income. The Magistrate Judge prepared a Report and Recommendation ("R&R") on the plaintiff's motion for summary judgment and the defendant's motion for remand. The R&R recommended that the Court (1) grant the plaintiff's motion for summary judgment to the extent it requests remand and deny the plaintiff's motion for an immediate award of benefits, (2) grant the defendant's motion for remand, (3) reverse the final decision of the Commissioner, and (4) remand this case for further proceedings.

The plaintiff objects to the R&R because she believes the record does not contain evidence to support the Administrative Law Judge's ("ALJ") denial of benefits. She contends that the testimony of the vocational expert ("VE")—which, in part, forms the basis for the Magistrate

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by their first name and last initial.

[2] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Acting Commissioner Kijakazi as the defendant in this suit.

Judge's recommendation to remand for further proceedings[3]—was unambiguous and could not support the ALJ's denial of benefits. She therefore argues that the Magistrate Judge erred by recommending that the Court remand the case for further proceedings, and that the Court should instead direct an award of benefits.

The Court has reviewed the record and agrees with the Magistrate Judge's conclusion that the VE gave ambiguous testimony that warrants remand for further proceedings. Accordingly, the Court will adopt the R&R in whole and overrule the plaintiff's objection.

## I. BACKGROUND

The plaintiff filed a claim with the SSA for disabled widow's benefits and supplemental security income in 2018. (R. at 242–53.) The ALJ conducted a hearing on August 22, 2019, during which counsel represented the plaintiff. (R. at 44–93, 174.) During the proceedings, the ALJ posed a series of hypotheticals to the VE. (R. at 84–92.) The ALJ first asked whether "there [would] be any work available in substantial numbers in the national economy" for an individual who required, "for one to two business weeks[] following assignment of a new task, . . . two additional five-minute [supervisor] visits[] per week to ensure understanding of the task, as well as proper and timely completion." (R. at 84–85.)[4] The VE answered that at least three types of suitable work exist in the national economy, with 195,000 positions available for those three jobs. (R. at 87.) The ALJ then posed a second hypothetical that asked whether more frequent

---

[3] The Magistrate Judge also concluded that the ALJ erred when evaluating the opinion of a consultative examiner. The parties have not objected to that portion of the R&R.

[4] In her decision, the ALJ concluded that the plaintiff's residual functional capacity ("RFC") "requires no special supervision after the task has been learned, but for one (1) to two (2) business weeks following assignment of a new task[], she may require two (2) additional five (5) minute visits per week to ensure understanding of a task as well as proper and timely completion." (R. at 29–30.) Thus, this hypothetical reflected the plaintiff's actual RFC.

2

supervision—one to two times per day instead of per week—would preclude all work, and the VE testified that it would. (R. at 87–88.)

Counsel for the plaintiff then questioned the VE about the ALJ's first hypothetical as follows:

> When the—in the first hypothetical when the Judge said that they would need, after one to two business weeks, may need additional five-minute visits on, you know, how to do the work, is that—is that something that's normal in a work environment[?]

(R. at 88.) The VE responded that "it's borderline accommodated work," noting that "[i]t's not necessarily unusual that employers . . . need to follow up on their instructions and the type of work that's being performed, but certainly, it—it's borderline accommodating." (R. at 88.) Then the attorney asked whether the follow-up visits "could affect [the] number[]" of available jobs if a company "deemed" the visits "to be [an] accommodat[ion]," and the VE stated: "Absolutely. I think that's something that has to be determined by the individual employer. If it's accommodated work, in my mind, it's not work that's routinely performed in the national economy. It's something other than that." (R. at 89.)

The ALJ later asked "which side of [borderline]" the "borderline accommodation" falls on, to which the VE answered, "with the hypothetical individual that was posed to me, I believe it would be accommodated work." (R. at 91.) Then the ALJ asked the VE to clarify "which hypo it was that led to the borderline accommodating[.] . . . I don't remember if it was 1 or 2", and counsel for the plaintiff responded: "he said in [hypo] 1, I believe." (R. at 91–92.) The VE said, "[r]ight," and the ALJ replied, "[t]hat was the accommodated portion. Okay. I just wanted to make sure I had this right." (R. at 92.)

In her decision denying benefits, the ALJ cited the VE's testimony that the plaintiff's RFC enabled her to obtain work in the national economy, concluding that "the claimant is capable of

3

making a successful adjustment to other work that exists in significant numbers in the national economy." (R. at 33.) The ALJ's decision did not mention the VE's testimony about "borderline accommodated work" that would fall on the "side" of "accommodated." (R. at 32–33, 91.)

On July 12, 2021, the plaintiff filed a Complaint in this Court to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Both parties agreed that the Court should reverse and remand the ALJ's decision but disagreed about whether the Court should order further proceedings or direct an award of benefits. On June 30, 2022, the Magistrate Judge issued an R&R recommending that the Court reverse the ALJ's decision and remand the case for further proceedings. The plaintiff now objects to the R&R and argues that the Court should remand this case to the SSA and direct an award of benefits.

## II. DISCUSSION

### A. *Legal Standard*

The Court reviews *de novo* any part of the R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Here, the plaintiff objects to the Magistrate Judge's recommendation that the Court remand this case for further proceedings. She agrees that the ALJ erred but argues that the VE gave unambiguous testimony that supports an award of benefits.

A reviewing court can only reverse an ALJ's denial of benefits if either "the ALJ's decision [is not] supported by substantial evidence" or the ALJ reaches her factual finding "by means of an improper standard or misapplication of the law." *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In addition, "[w]here there are gaps in the administrative record . . . the proper course is a remand to the Commissioner for further proceedings." *Brascher v. Astrue*, No. 3:10cv256,

4

2011 WL 1637045, at *3 (E.D. Va. Apr. 29, 2011) (quoting *Ianni v. Barnhart*, 403 F. Supp. 2d 239, 257 (W.D.N.Y. 2005)). Put another way, "when an ALJ fails to provide a 'logical explanation' connecting its RFC analysis to the record evidence, the 'proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540, at *4 (4th Cir. Feb. 1, 2022) (first quoting *Thomas v. Berryhill*, 916 F.3d 307, 311–12 (2019); and then quoting *Radford v. Colvin*, 734 F.3d 288, 295 (2013)). "[I]t is only in . . . cases . . . where it is clear that there is no account on which substantial evidence would support a denial of coverage . . . that a court may exercise its discretion to direct the award of benefits as a remedy for a failure to explain." *Id.* Ultimately, the ALJ, and not the reviewing court, must resolve conflicts in the record, including inconsistent testimony. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

### B. *Analysis*

Here, the plaintiff argues that the record unequivocally shows that she qualifies as disabled. Specifically, she argues that the VE's testimony that he "believe[d]" that the "borderline accommodation" would qualify as "accommodated work" establishes that the plaintiff's RFC contains an accommodation, which would preclude work in the national economy. (R. at 91.) She reasons that the exchange at the end of the hearing during which counsel for the plaintiff told the ALJ that the first hypothetical involved borderline accommodations and the VE said "right" resolves any discrepancies with the VE's earlier testimony that someone with the plaintiff's RFC could perform three jobs with 195,000 positions in the national economy. Moreover, the plaintiff argues this limited exchange establishes that the ALJ understood the RFC to include an accommodation, meaning that no substantial evidence exists to support a denial of benefits. She

contends that the Magistrate Judge, therefore, should have remanded with direction to award benefits.

The Fourth Circuit recently addressed a similar issue in *Carr*, 2022 WL 301540. In *Carr*, two experts gave conflicting testimony about whether the plaintiff required accommodations that would prevent him from working. *Id.* at *5. The district court found "that the medical record . . . was ambiguous, emphasizing the conflicting testimony of two experts." *Id.* at *3. The Fourth Circuit explained that, "[i]n most cases, the absence of an adequate explanation for an ALJ's determination will 'frustrate meaningful review,' making it 'impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings.'" *Id.* at *4 (first quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (2015); and then quoting *Radford*, 734 F.3d at 295.) The Fourth Circuit further held that, "given the conflicting evidence. . . , the proper remedy is to remand for the explanation that will make possible a 'meaningful review' of the ALJ's determination." *Id.* at *5 (citing *Radford*, 734 F.3d at 296). "Only in the 'unusual case' will it be clear on review, despite the absence of an explanation from the ALJ, that the record does not contain substantial evidence that could support the ALJ's determination." *Id.* at *4 (quoting *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897, at *1 (D. Md. Sept. 20, 2019)).

Based on the record before the Court, the Magistrate Judge correctly concluded that the VE gave conflicting and ambiguous testimony about whether the plaintiff's limitations qualified as an accommodation that would require the award of benefits based on jobs available in substantial numbers in the national economy. As explained above, with regard to the hypothetical requiring two additional supervisor visits per week, the VE first testified that three jobs with 195,000 positions existed that a person with the plaintiff's RFC could perform and then later testified that this represented "borderline accommodated work" that fell on the side of

accommodated. (*Compare* R. at 85–87, *with* R. at 88–89, 91.) And, the VE testified that accommodated work "i[s] not work that's routinely performed in the national economy." (R. at 89.)

The VE, therefore, gave ambiguous testimony about whether two additional five-minute visits for up to two weeks after the assignment of a task amounted to an accommodation that would support an award of benefits.[5] And, despite the plaintiff's arguments to the contrary, no part of the VE's testimony resolved these ambiguities or indicated that he misspoke initially and meant to opine that the plaintiff's RFC requires an accommodation and that this accommodation would preclude available work. Thus, the record "mak[es] it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *See Carr*, 2022 WL 301540, at *4 (citation and quotations omitted).[6] The Court, therefore, will remand this case for further proceedings.

---

[5] Moreover, the ALJ and counsel for the plaintiff posed slightly different hypotheticals. The ALJ's hypothetical stated that the individual "would require no special supervision . . . ***but for one to two business weeks, following assignment of a new task,*** she may require two additional five-minute visits." (R. at 84 (emphasis added).) Counsel for the plaintiff, on the other hand, stated that the individual "***after one to two business weeks***, may need additional five-minute visits." (R. at 88 (emphasis added).) The record does not clearly reflect whether the parties or the VE appreciated the slightly different phrasing, nor can the Court discern whether or how this affected the VE's testimony.

[6] The plaintiff also argues that the ALJ "impermissibly cherry-pick[ed] only the parts that suited her desired outcome and ignor[ed] that which clearly precluded it." (ECF No. 31, at 6.) While "the ALJ need not address every piece of evidence in the record, an ALJ must articulate the bases for his findings and may not 'cherry-pick' evidence that supports" their "preordained" conclusions. *Forehand v. Astrue*, No. 4:11cv58, 2012 WL 3912763, at *7 (E.D. Va. July 5, 2012) (citation omitted). The ALJ "must 'build an accurate and logical bridge' from the evidence to their conclusions." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). As explained above, however, the VE's testimony creates an ambiguity in the record, frustrating the Court's ability to determine whether the ALJ "buil[t] an accurate and logical bridge" to reach her conclusions. *Id.*

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will overrule the plaintiff's objections to the R&R, grant the plaintiff's motion for summary judgment to the extent that it requests remand and deny the motion for summary judgment to the extent it requests an immediate award of benefits. It will also grant the defendant's motion to remand, reverse the final decision of the Commissioner, and remand the case for further proceedings. Accordingly, the Court will adopt the Magistrate Judge's R&R in whole as the Opinion of the Court.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 28 Feby 2023
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge